IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YOLANDA PARKER,
Petitioner,

vs.

CASE NO: 8:06-CV-00183-T-26EAJ

NANCY POTTER, individually, and the CLERK OF THE COURT FOR THE SIXTH JUDICIAL CIRCUIT IN AND FOR PINELLAS COUNTY, FLORIDA, in its official capacity, and MONEY CONSULTANTS, INC., a Florida Corporation.

Respondent.
_________________________________/

**PETITION FOR TEMPORARY AND PERMANENT RETRAINING ORDER AND FOR DAMAGES WITH AUTHORITY**

COMES NOW the Petitioner, by and through her undersigned counsel, and would Petition this Court to issue a temporary and permanent restraining order restraining the Respondent Clerk for conducing a foreclosure sale of the Petitioner's interest in the below identified property and issue a temporary and permanent restraining order restraining the Respondent Potter from foreclosing on the Petitioner's interest in the residence located at 281 Bayside Dr., Clearwater, FL. and having a legal description as follows:

> LOT 8, BAYSIDE SUBDIVISION, NO. 4, according to the map or plat thereof recorded in Plat Book 32, pages 68 & 69, of the Public Records of Pinellas County, Florida.

for violation of 15 U.S.C.§ 1635 *et seq* and t order a money judgment against Respondents Potter and Money Consultants, Inc. for damages and would show:

GENERAL ALLEGATIONS

1. The Petitioner is the spouse of Gary K. Parker.



2. Respondent Nancy Potter is the holder in due course of the mortgage and promissory note.

3. Respondent Clerk of the Circuit Court of the State of Florida for the Sixth Judicial Circuit, in and for Pinellas County, Florida, is the Constitutional Officer for the State of Florida having the power to conduct foreclosure sales.

4. Respondent Money Consultants, Inc., was the party with whom the Petitioner and Gary K. Parker dealt to sign required documents.

5. The property cited to above is the marital property of the Petitioner and Gary K. Parker.

6. Gary K. Parker, without the knowledge or permission of the Petitioner, encumbered the marital property of the Petitioner through a loan that as used to pay off an underlying mortgage and obtain a small amount of additional cash, said mortgage being obtained on or about May 20, 2003, and being in favor of Money Consultants, Inc.

7. The money obtained by Gary K. Parker, in the approximate sum of $875,000.00 was used to pay off an existing mortgage of approximately $740,000.00, with the remainder of the cash going to Gary K. Parker.

8. There has been no allegation or evidence that the Petitioner was aware of this action by Gary K. Parker.

9. On or about May 20, 2003, Respondent Money Consultants, Inc. sold the subject mortgage to Respondent Nancy Potter.

10. On or about August 1, 2003, Gary K. Parker failed to make a required payment and was in default under the loan.

11 Based on this default Respondents Potter and Money Consultants, through

parties unknown, began to make preparations for a foreclosure action.

12. During these preparations, parties unknown discovered that Gary K. Parker was married to the Petitioner.

13. Upon discovering that the Petitioner was married to Gary K. Parker Respondent Money Consultants, Inc., and not Respondent Potter, contacted the Petitioner to obtain her signature on the mortgage documents.

14. The Petitioner, at the demand of Money Consultants, responded to their office and signed the "amended" mortgage documents on August 19, 2003, and within the last three years.

15. At no time was the Petitioner presented any of the Truth In Lending Act (TILA) documents concerning her three day right to rescind her actions. See Affidavit attached hereto as Exhibit A.

16. On August 26, 2003, and 7 days after the Petitioner signed the document, the Respondent declared Gary K. Parker and the Petitioner in default and instituted foreclosure proceedings.

17. The undersigned did not represent the Petitioner at the time of the signing of the mortgage documents, at the time of the foreclosure proceedings or any of the subsequent actions.

18. On January 20, 2005, the Circuit Court of the State of Florida for the Sixth Judicial Circuit, in and for Pinellas County, Florida, granted summary judgment of foreclosure to Respondent Potter and against Plaintiff and Gary K. Parker.

19. The undersigned did not represent the Petitioner until September 23, 2005.

20. On September 29, 2005, and only six days after the undersigned began

representation of the Petitioner, the Petitioner notified counsel for Respondent Potter through facsimile and U. S. Mail that pursuant to 15 U.S.C. § 1601, *et seq*, and 12 C.F.R.§ 226 the Petitioner was rescinding her actions. See Exhibit B.

21. As of this date counsel for the Respondent has not responded to this Notice of Rescission.

22. On January 4, 2006, pursuant to a *sua sponte* order, the Circuit Court of the State of Florida for the Sixth Judicial Circuit, in and for Pinellas County, Florida set a foreclosure sale date of February 6, 2006, on the above referenced property.

23. On January 27, 2006, pursuant to a Motion of the Petitioner, the Circuit Court of the State of Florida for the Sixth Judicial Circuit, in and for Pinellas County, Florida, had a hearing on staying the foreclosure sale.

24. At this hearing the undersigned argued for the Petitioner that the court could not foreclose on the Petitioner's interest in the subject property since she had rescinded her actions.

25. At this hearing counsel for the Respondent, who was present and representing the Respondent, did not argue that the Petitioner had ever received the T.I.L.A. notices, instead arguing that the Petitioner had waived her ability to rescind by not raising that issue prior to the Court entering summary judgment in January of 2005.

26. At the conclusion of the hearing the court found that based on her failure to raise the claim of a right to rescind prior to the summary judgment hearing the Petitioner had waived her right to rescind.

27. As a result of this ruling, and pursuant to the Order of the Court, Respondent Clerk will attempt to sell the subject property at a foreclosure sale scheduled for

February 6, 2006.

28. All parties to this action are within the jurisdiction of this Court

29. All actions have taken place within the jurisdiction of this Court.

30. This Court has jurisdiction based on the claims being made pursuant to federal law.

31. The right to rescind is a federal right in an area that has been preempted by the United States and as such preempts any action pursuant to state law, state common law or state tort law. See preemption in area of ERISA, which has similar statutory provisions. *Boulet v. Flour Corporation*, H-05-0105 (S.D. Tex 2005).

32. Under 15 U.S.C. Chapter 41 (T.I.L.A.) the Petitioner had the right to rescind and she could only waive this right under the statutory scheme by selling the property or being presented the "notice" documents.

32. The granting of a summary judgment did not waive or curtail her right to rescind at any time up until the actual time of sale.

33. The Respondents would not be injured by the Petitioner's rescission in that they are still able to obtain a money judgment against Gary Parker which would make them whole while the Petitioner would be irreparably injured by the denial of the Temporary and Permanent injunction since she would lose her interest in real property, for which money damages are not sufficient.

**PETITION FOR TEMPORARY RESTRAINING ORDER**

34. The Petitioner would seek a temporary restraining order, with or without notice, restraining Respondent Potter from foreclosing on the Petitioner's interest in the above described property and restraining Respondent Clerk of the Court from conducting

a foreclosure sale on the Petitioner's right in the above described real property base don violation of 15 U.S.C. Chapter 41.

35. The Petitioner would reallege paragraphs 1 through 33 as though fully set out herein.

36. The Petitioner properly rescinded all documents signed by her as requested by Money Consultants, Inc. concerning the subject property. Copy of recision attached as Exhibit B.

37. The loan was not for the purchase or construction of the property, instead being for refinancing of the property. See 15 U.S.C. § 1635 (e) and § 1602 (w).

38. The parties in interest at the time of the obtaining of the loan by Gary K. Parker were Gary K. Parker, the Petitioner as wife of Gary K. Parker, and Money Consultants, Inc..

39. Money Consultants, Inc. is the corporation that funded the loan and received a mortgage and note on the property.

40. Respondent Nancy Potter purchased the mortgage and promissory note from Money Consultants, Inc.

41. The Summary Judgment issued by the Circuit Court of the State of Florida for the Sixth Judicial Circuit, in and for Pinellas County, Florida, does not preempt the right of the Petitioner to rescind her actions with regard to the mortgage pursuant to 15 U.S.C. § 1635.

42. Since summary judgment is a product of state law, the granting of a summary judgment cannot forestall the Petitioner's right to rescind her actions.

43. The only statutory waivers of the right to rescind are sale of the property or

passage of three years from the date of the violation.

44. Since the Petitioner has properly rescinded her signatures and approvals and none of the statutory waivers are applicable, the Respondents are without authority to foreclose on Petitioner's interest in the subject property.

45. Since there is real property involved, and real property is unique, the Petitioner would not be made whole by a award of money damages.

46. The Petitioner does not seek to estop the Respondents' right to foreclose and sell Gary K. Parker's interest in the marital residence at public auction.

47. Even if granting of the temporary restraining order would delay Respondent Potter's sale, Respondent Potter would continue to earn interest on the loan well above the national average, and thus any damages to her would be minimal.

48. The Petitioner has been forced from the marital residence as a result of a domestic violence injunction and Gary K. Parker has failed and refused to provide any support to her since forcing her from the residence in September, thus placing the Petitioner in a perilous financial position.

49. Even though the Petitioner has been forced from the residence as a result of the domestic violence injunction, she still retains full marital rights in the residence.

50. The Petitioner has never waived her right to rescind under the statute and thus her rescission on September 29, 2005, was effective.

51. The rescission provisions of the Federal Truth In Lending Act preempt all state law, to include statutory, common and tort law, in the area controlled by the Federal Truth in Lending Act.

52. The undersigned has provided a copy of this Petition to Christopher Morrison,

Esq., counsel for Respondent Potter pursuant to his agreement to accept same on the part of his client, and thus this Respondent has notice.

53. The undersigned has delivered a copy of this Petition to a process server for service on the Clerk of the Court for the Sixth Judicial Circuit, but has not received notification that the Clerk has been served so the undersigned must inform this Court that the Clerk of the Court for the Sixth Circuit does not have notice.

54. The undersigned has delivered a copy of this Petition to a process server for service on the registered agent for Money Consultants, Inc., but has not received notification that the registered agent has been served so the undersigned must inform this Court that Money Consultants, Inc. does not have notice.

55. The foreclosure sale is scheduled to be conducted at the Pinellas County Courthouse on February 6, 2006 at 9:00 a.m., and thus time is of the essence.

WHEREFORE, the Petitioner would Petition this Court to grant a Temporary Restraining Order, with or without a hearing, restraining Respondent Clerk from selling the interest of the Petitioner in the above identified property and restraining Respondent Potter from attempting to foreclose on the Petitioner's interesting the property until such time as the Court has allowed a full hearing, after discovery, on this matter, and to grant such other relief as is just and proper.

**COUNT II - PERMANENT RESTRAINING ORDER**

56. Petitioner would petition this Court to grant a permanent restraining order, after discovery and a full evidentiary hearing, restraining Respondent Potter from foreclosing on her interest in the above identified property and restraining Respondent Clerk from conducting a foreclosure sale of the Petitioner's interest in the above property.

57. Petitioner would reallege paragraphs 1 through 55 as though fully set out herein.

58. Petitioner properly rescinded her actions of August 19, 2003, on September 29, 2005, and within three (3) years of the actions, as required by 15 U.S.C. Chapter 41.

59. Respondent Money Consultants, Inc. did not comply with the notice requirements of 15 U.S.C. Chapter 41 at the time that the Petitioner singed the documents.

60. Respondent Potter has no evidence that Money Consultants, Inc. properly complied with the requirements of 15 U.S.C. Chapter 41 at the time that the Petitioner signed the documents and Respondent Potter never complied with the Requirements herself by providing the notice documents to the Petitioner after Potter purchased the note and mortgage.

61. Once 15 U.S.C. § 1635 was violated by failing to provide the required notices the Petitioner has the absolute right to rescind until three days after she received two copies of the required notices, and if no notices were ever provided, until three years after the signing.

62. The rescission provisions of the Federal Truth In Lending Act preempt all state law, to include statutory, common and tort law, in the area controlled by the Federal Truth in Lending Act.

63. Only the voluntary sale of the property acts as a waiver of this right.

64. Since summary judgment is a product of state law, the granting of a summary judgment cannot forestall the Petitioner's right to rescind her actions.

65. The subject of this action is real property, which is unique and money

damages are insufficient to make the Petitioner whole if the property is wrongfully sold.

WHEREFORE, the Petitioner would petition this Court to permanently restrain, after discovery and a full evidentiary hearing, Respondent Potter from attempting to foreclose the rights of the Petitioner with regard to the above property and to restrain, after discovery and a full evidentiary hearing, Respondent Clerk from conducting a foreclosure sale of the Petitioner's rights to the above property, and to grant such other relief as is just and proper.

**COUNT III - VIOLATION OF THE TRUTH IN LENDING ACT**

66. Petitioner sues Respondents Potter and Money Consultants, Inc. for damages in the amount of $50,000.00 for violation of the Federal Truth in Lending Act, 15 U.S.C. § Chapter 41.

67. Petitioner would reallege paragraphs 1 through 65 as though fully set out herein.

68. This Court has jurisdiction pursuant to 15 U.S.C. Chapter 41 *et seq.*

69 Petitioner signed certain mortgage documents before Respondent Money Consultants, Inc., the predecessor in interest to Respondent Potter.

70. At the time these documents were signed the Petitioner was not given any notice of a three day right of recession as required by 15 U.S.C. 1635.

71. At the time these documents were signed the Petitioner was not given two copies of the Notice.

72. At the time these documents were signed the transaction did not qualify for the exemption to the requirements of 15 U.S.C. 1635 (e)(1) since the monies were for a refinance and not for the construction or purchase of a residence.

73. The Petitioner properly rescinded under 15 U.S.C. § 1635 within three years

of the signing date and before she ever received any notice pursuant to 15 U.S.C. § 1635 (a).

74. Respondent Money Consultants, Inc., never provided the required documents to the Petitioner at the time of signing.

75. Although at the time the Petitioner signed the documents the records indicate that the mortgage had already been sold by Respondent Money Consultants, Inc. to Respondent Potter, it Respondent Money Consultants, Inc that contacted the Petitioner and Respondent Money Consultants, Inc that oversaw the actions of the Petitioner in signing the documents.

76. Even after Respondent Potter received all signed documents she never provided the required notice documents to the Petitioner prior to the Petitioner rescinding.

77. The actions of the Respondents in proceeding with a foreclosure without providing the Petitioner the required documents has damaged the Petitioner in the amount of $50,000.00, plus her costs and fees in enforcing this action.

WHEREFORE, Petitioner demands judgment against Respondents Potter and Money Consultants, Inc. in the amount of $50,000.00, plus costs and fees.

PETITIONER DEMANDS A JURY TRIAL ON ALL ISSUES

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

I, YOLANDA PARKER, have read the foregoing and it is true and correct to the best of my knowledge and belief.

YOLANDA PARKER

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

PERSONALLY APPEARED before me YOLANDA PARKER, to me well known, who after begin duly sworn, deposed and said that the foregoing was true and correct to the best of her knowledge and belief and who did take an oath.




J Annie Best
NOTARY PUBLIC 1-31-06

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was mailed and sent by facsimile to CHRISTOPHER MORRISON, Esq., counsel for Respondent POTTER, for whom he agreed to accept service.

JEFFREY A. BLAU, Esq.
213 E. Davis Blvd.
Tampa, FL. 33606
(813) 254-6906
(813) 254-6891 Facsimile
Fla. Bar NO: 256897

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YOLANDA PARKER,
Petitioner,

vs. CASE NO:

NANCY POTTER, individually, and the CLERK OF THE COURT FOR THE SIXTH JUDICIAL CIRCUIT IN AND FOR PINELLAS COUNTY, FLORIDA, in its official capacity, and MONEY CONSULTANTS, INC., a Florida Corporation.

Respondent.
_____________________________________/

**AFFIDAVIT IN SUPPORT OF**
**PETITION FOR TEMPORARY AND PERMANENT RETRAINING ORDER**
**AND FOR DAMAGES WITH AUTHORITY**

COMES NOW the Petitioner, YOLANDA PARKER, and after being duly sworn, deposes and says I am the Petitioner in the above-styled action and have personally knowledge of the following:

1. I am over the age of eighteen and able to make this affidavit.

2. On or about August 18, 2003, I was told by Gary K. Parker that I had to sign certain documents for a mortgage and promissory note that he had given on the marital residence.

3. I was told to proceed to the offices of Money Consultants, Inc. in Sarasota, Florida.

4. At the offices of Money Consultants, Inc. I was presented documents to sign by an employee of Money Consultants, Inc.

5. As a result of other court appearances I know that the individual that

EXHIBIT A

presented the documents and supervised my signing was not Nancy Potter.

6. I have no recollection of receiving any document titled "Three Day Notice"at the time I signed these documents.

7. In reviewing my copies of the documents that I signed I have not found any document that contains a three day notice of right to rescind as either a separate document or as a part of a document.

8. I rescinded my agreement to the documents on or about September 29, 2005.

9. Up until the time that I rescinded my agreement I had never been presented with any documents setting out my right to rescind my agreement within three days of receipt of the notice.

10. The property that is the subject of this action has not been sold.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

DATED: January 31, 2006.

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

I, YOLANDA PARKER, have read the foregoing and it is true and correct to the best of my knowledge and belief.

YOLANDA PARKER

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

PERSONALLY APPEARED before me YOLANDA PARKER, to me well known, who after begin duly sworn, deposed and said that the foregoing was true and correct to the

best of her knowledge and belief and who did take an oath.

Notary Public State of Florida
J Annie Best
My Commission DD447355
Expires 07/04/2009

NOTARY PUBLIC 1-31-06

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was mailed and sent by facsimile to CHRISTOPHER MORRISON, Esq., counsel for Respondent Potter, for whom he agreed to accept service, on this, the 31st day of January, 2006.

JEFFREY A. BLAU, Esq.
213 E. Davis Blvd.
Tampa, FL. 33606
Fla. Bar NO: 256897
(813) 254-6906
(813) 254-6891 Facsimile
Attorney for Petitioner

LAW OFFICES OF
JEFFREY A. BLAU, P.A.
213 EAST DAVIS BLVD.
TAMPA, FLORIDA 33606

JEFFREY A. BLAU, ESQUIRE
ATTORNEY AT LAW

TEL. (813) 254-6906
FAX. (813) 254-6891

September 29, 2005

Christopher C. Morrison, Esq.
132 First St.
Sarasota, FL. 34236

VIA FACSIMILE AND U. S. MAIL

Re: Potter v. Parker

Dear Mr. Morrison:

Pursuant to 15 U.S.C. § 1601 et. seq., as amended by the Home Owners Equity Protection Act, 15 U.S.C. §§ 1602(aa) and 1639, and implementing Federal Reserve Board Regulation Z, 12 C.F.R. § 226 (2003); [see also Florida Fair Lending Act, §§ 494.0078—494.00797, Fla. Stat. (2003)] notice is hereby given that Yolanda Parker rescinds her obligation pursuant to that certain mortgage document signed by her in favor of Money Management or its assigns, to wit: Nancy Potter. [See *Johnson v. Thomas*, 794 N.E. 2d 919 (Ill App. 2003) and rescinds any obligation pursuant to any forbearance agreement and requires that the present holder, Nancy Potter, provide a release to Yolanda Parker for any security interest Ms. Potter may hold in Ms. Parker's homestead property.

Cordially,

JEFFREY A. BLAU, Esq.




EXHIBIT B