UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YOLANDA PARKER,

    Petitioner,

v.                                       CASE NO: 8:06-cv-183-T-26EAJ

NANCY POTTER, individually, and the
CLERK OF THE CIRCUIT COURT IN AND
FOR PINELLAS COUNTY, FLORIDA, in its
official capacity, and MONEY CONSULTANTS,
INC.,

    Respondents.
    _____/

**O R D E R**

    Before the Court is Petitioner's Petition for Temporary and Permanent Restraining Order and for Damages with Authority, and an Affidavit of Petitioner Yolanda Parker in Support. (Dkt. 1). After careful consideration of the Petition and the applicable law, the Court concludes that the four elements necessary to award injunctive relief have not been established and therefore the Petition should be denied.

    To establish a right to temporary injunctive relief, the petitioner must show (1) likelihood of success on the merits, (2) irreparable harm, (3) the threatened injury to her outweighs whatever damage the proposed injunction may cause, and (4) the public interest will not be disserved. See Johnson v. U.S. Dep't of Agric., 734 F.2d 774, 781

Dockets.Justia.com

(11th Cir. 1984). The Court finds that Petitioner cannot show the first prong—that she is likely to succeed on the merits— and therefore need not reach the remaining three factors.

Petitioner seeks to have this Court stop a foreclosure sale scheduled for February 6, 2006, of real property located in Clearwater, Florida, based on a violation of 15 U.S.C. § 1635 et seq., known as the Truth-in-Lending Act (TILA). Petitioner Yolanda Parker is married to Gary Parker, and Petitioner claims the property is marital property. Respondent Nancy Potter holds the mortgage and promissory note pursuant to a sale from Respondent Money Consultants, Inc., the entity which gave a new mortgage to Gary Parker. Petitioner claims that Gary Parker, without her knowledge or assent, borrowed money through a new mortgage with Money Consultants, Inc., to pay off the original mortgage and pocket $135,000.00.

When Gary Potter defaulted on the new mortgage approximately three months later, Nancy Potter and Money Consultants, Inc., decided to foreclose on the mortgage. During this process, it was discovered that Petitioner had never signed the new mortgage. Petitioner signed the mortgage at Respondent Money Consultant, Inc.'s request, and seven days later, foreclosure proceedings ensued.[1] Some one and a half years later, in January 2005, the state circuit court granted a summary final judgment of foreclosure. Apparently, no foreclosure sale was scheduled.

---

[1] It is unclear when Petitioner had notice of the foreclosure proceedings.

Some nine months later, in September 2005, Petitioner obtained her present counsel to appear in the state court proceeding. Petitioner then noticed Nancy Potter that she was exercising her right to rescind the mortgage. When Petitioner signed the mortgage, she was not given any documents purporting to comply with the requirements of the TILA that she must be given a three-day notice of right to rescind, and federal law provides her with three years to rescind the transaction, if no such documents are provided.[2] No one responded regarding Petitioner's rescinding rights, and the state court sua sponte on January 4, 2006, set the foreclosure sale for next Monday, February 6, 2006. At a hearing in state court on a motion to stay the sale, the state court judge ruled that Petitioner had waived her right to rescind, because a summary judgment of foreclosure had already been entered.

Petitioner contends that the state court judgment cannot impede her right to rescind. She concedes she has not lived in the marital home since September 2005, because of a domestic violence injunction preventing her from doing so.

The Court finds that the Petitioner has failed to show her likelihood of success on the merits, sufficient to warrant the granting of an injunction to stop a foreclosure sale. There are too many factual questions with regard to what documents, if any, were

---

[2] If proper TILA notices were never given, then the Petitioner would have three years from the date of signing to rescind. See 15 U.S.C. § 1635 (providing that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction . . . notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor").

provided to her when she signed the mortgage, and whether her husband was provided with documentation when he signed the mortgage.  There is also no showing that she will suffer injury greater than the Respondents should an injunction not be issued, considering that she is no longer living in the marital property.  Accordingly, without further proof, this Court will not stop the sale.

    It is therefore **ORDERED AND ADJUDGED** as follows:

    (1)    Petitioner's Petition for Temporary and Permanent Restraining Order (Dkt. 1) is **DENIED**.

    **DONE AND ORDERED** at Tampa, Florida, on February 3, 2006.

                                          s/
                                        **RICHARD A. LAZZARA**
                                        **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record