IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YOLANDA PARKER,
    Petitioner,

vs.                                                      CASE NO: 8:06-cv-183-T-26EAJ

NANCY POTTER, individually, and the
CLERK OF THE COURT FOR THE
SIXTH JUDICIAL CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA, in its
official capacity, and MONEY CONSULTANTS,
INC., a Florida Corporation.

    Respondent.
_____/

**AMENDED PETITION ONLY AS TO PETITIONER FOR
TEMPORARY RESTRAINING ORDER**

COMES NOW the Petitioner, by and through her undersigned counsel, and would file this, her Amended Petition for Temporary Restraining order restraining the Respondent Clerk for conducing a foreclosure sale of the Petitioner's interest in the below identified property and issue a temporary restraining order restraining the Respondent Potter from foreclosing on the Petitioner's interest in the residence located at 281 Bayside Dr., Clearwater, FL. and having a legal description as follows:

> LOT 8, BAYSIDE SUBDIVISION, NO. 4, according to the map
> or plat thereof recorded in Plat Book 32, pages 68 & 69, of the
> Public Records of Pinellas County, Florida.

for violation of 15 U.S.C.§ 1635 *et seq* and t order a money judgment against Respondents Potter and Money Consultants, Inc. for damages and would show:

GENERAL ALLEGATIONS

    1.    The Petitioner is the spouse of Gary K. Parker.

2. Respondent Nancy Potter is the holder in due course of the mortgage and promissory note.

3. Respondent Clerk of the Circuit Court of the State of Florida for the Sixth Judicial Circuit, in and for Pinellas County, Florida, is the Constitutional Officer for the State of Florida having the power to conduct foreclosure sales.

4. Respondent Money Consultants, Inc., was the party with whom the Petitioner and Gary K. Parker dealt to sign required documents.

5. The property cited to above is the marital property of the Petitioner and Gary K. Parker and the homestead property of the Petitioner.

6. The Petitioner, pursuant to Fla. Stat. 222.01 has filed a Declaration of Homestead with the Clerk of the Court for the Sixth Circuit.

7. Gary K. Parker, without the knowledge or permission of the Petitioner, encumbered the marital property of the Petitioner through a loan that as used to pay off an underlying mortgage and obtain a small amount of additional cash, said mortgage being obtained on or about May 20, 2003, and being in favor of Money Consultants, Inc.

8. The Petitioner is unaware of what documents may have been provided to her husband, Gary K. Parker since said Gary K. Parker has never provided a copy of said documents to the Petitioner, however, based on the lack of action by Gary K. Parker in adopting the position of the Petitioner or joining the Petitioner in this action the Petitioner must assume, and for the purposes of this action, would agree, that Gary K. Parker received the proper T.I.L.A. notices.

9. The money obtained by Gary K. Parker, in the approximate sum of $875,000.00 was used to pay off an existing mortgage of approximately $740,000.00, with

the remainder of the cash going to Gary K. Parker.

10. There has been no allegation or evidence that the Petitioner was aware of this action by Gary K. Parker.

11. On or about May 20, 2003, Respondent Money Consultants, Inc. sold the subject mortgage to Respondent Nancy Potter.

12. On or about August 1, 2003, Gary K. Parker failed to make a required payment and was in default under the loan.

13 Based on this default Respondents Potter and Money Consultants, through parties unknown, began to make preparations for a foreclosure action.

14. During these preparations, parties unknown discovered that Gary K. Parker was married to the Petitioner.

15. Upon discovering that the Petitioner was married to Gary K. Parker Respondent Money Consultants, Inc., and not Respondent Potter, contacted the Petitioner to obtain her signature on the mortgage documents.

16. The Petitioner, at the demand of Money Consultants, responded to their office and signed the "amended" mortgage documents on August 19, 2003, and within the last three years.

17. At no time was the Petitioner presented any of the Truth In Lending Act (TILA) documents concerning her three day right to rescind her actions. See Affidavit attached hereto as Exhibit A.

18. The only document received by the Petitioner was a document informing her that she was not accepting responsibility for the promissory note, but that her interest in the residence was being attached by the mortgage.

19. On August 26, 2003, and 7 days after the Petitioner signed the document, the Respondent declared Gary K. Parker and the Petitioner in default after a period of time in attempting to resolve the issue instituted foreclosure proceedings on January 20, 2004, in Pinellas County, Florida.

20. The undersigned did not represent the Petitioner at the time of the signing of the mortgage documents, at the time of the foreclosure proceedings or any of the subsequent actions.

21. On January 20, 2005, the Circuit Court of the State of Florida for the Sixth Judicial Circuit, in and for Pinellas County, Florida, granted summary judgment of foreclosure to Respondent Potter and against Plaintiff and Gary K. Parker.

22. The undersigned did not represent the Petitioner until September 23, 2005.

23. On September 29, 2005, and only six days after the undersigned began representation of the Petitioner, the Petitioner notified counsel for Respondent Potter through facsimile and U. S. Mail that pursuant to 15 U.S.C. § 1601, *et seq*, and 12 C.F.R.§ 226 the Petitioner was rescinding her actions. See Exhibit B.

24. As of this date counsel for the Respondent has not responded to this Notice of Rescission.

25. On January 4, 2006, pursuant to a *sua sponte* order, the Circuit Court of the State of Florida for the Sixth Judicial Circuit, in and for Pinellas County, Florida set a foreclosure sale date of February 6, 2006, on the above referenced property.

26. On January 27, 2006, pursuant to a Motion of the Petitioner, the Circuit Court of the State of Florida for the Sixth Judicial Circuit, in and for Pinellas County, Florida, had a hearing on staying the foreclosure sale.

27. At this hearing the undersigned argued for the Petitioner that the court could not foreclose on the Petitioner's interest in the subject property since she had rescinded her actions.

28. At this hearing counsel for the Respondent, who was present and representing the Respondent, did not argue that the Petitioner had ever received the T.I.L.A. notices, instead arguing that the Petitioner had waived her ability to rescind by not raising that issue prior to the Court entering summary judgment in January of 2005.

29. At the conclusion of the hearing the court found that based on her failure to raise the claim of a right to rescind prior to the summary judgment hearing the Petitioner had waived her right to rescind.

30. As a result of this ruling, and pursuant to the Order of the Court, Respondent Clerk will attempt to sell the subject property at a foreclosure sale scheduled for February 6, 2006.

31. All parties to this action are within the jurisdiction of this Court

32. All actions have taken place within the jurisdiction of this Court.

33. This Court has jurisdiction based on the claims being made pursuant to federal law.

34. The right to rescind is a federal right in an area that has been preempted by the United States and as such preempts any action pursuant to state law, state common law or state tort law. See preemption in area of ERISA, which has similar statutory provisions. *Boulet v. Flour Corporation*, H-05-0105 (S.D. Tex 2005).

35. Under 15 U.S.C. Chapter 41 (T.I.L.A.) the Petitioner had the right to rescind and she could only waive this right under the statutory scheme by selling the property or

being presented the "notice" documents.

36.     The granting of a summary judgment did not waive or curtail her right to rescind at any time up until the actual time of sale.

37.     The Respondents would not be injured by the Petitioner's rescission in that they are still able to obtain a money judgment against Gary Parker which would make them whole while the Petitioner would be irreparably injured by the denial of the Temporary and Permanent injunction since she would lose her interest in real property, for which money damages are not sufficient.

## PETITION FOR TEMPORARY RESTRAINING ORDER

38.     The Petitioner would seek a temporary restraining order, with or without notice, restraining Respondent Potter from foreclosing on the Petitioner's interest in the above described property and restraining Respondent Clerk of the Court from conducting a foreclosure sale on the Petitioner's right in the above described real property base don violation of 15 U.S.C. Chapter 41.

39.     The Petitioner would reallege paragraphs 1 through 37 as though fully set out herein.

40.     The Petitioner properly rescinded all documents signed by her as requested by Money Consultants, Inc. concerning the subject property. Copy of recision attached as Exhibit B.

41.     The loan was not for the purchase or construction of the property, instead being for refinancing of the property. See 15 U.S.C. § 1635 (e) and § 1602 (w).

42.     The parties in interest at the time of the obtaining of the loan by Gary K. Parker were Gary K. Parker, the Petitioner as wife of Gary K. Parker, and Money

Consultants, Inc..

43.     Money Consultants, Inc. is the corporation that funded the loan and received a mortgage and note on the property.

44.     Respondent Nancy Potter purchased the mortgage and promissory note from Money Consultants, Inc.

45.     The Summary Judgment issued by the Circuit Court of the State of Florida for the Sixth Judicial Circuit, in and for Pinellas County, Florida, in January of 2005 does not preempt the right of the Petitioner to rescind her actions with regard to the mortgage pursuant to 15 U.S.C. § 1635.

46.     Since summary judgment is a product of state law, the granting of a summary judgment cannot forestall the Petitioner's right to rescind her actions.

47.     The only statutory waivers of the right to rescind are sale of the property or passage of three years from the date of the violation.

48.     Since the Petitioner has properly rescinded her signatures and approvals and none of the statutory waivers are applicable, the Respondents are without authority to foreclose on Petitioner's interest in the subject property.

49.     Since there is real property involved, and real property is unique, the Petitioner would not be made whole by a award of money damages.

50.     The property to be sold at foreclosure is the homestead of the Petitioner and despite that fact that the Petitioner is <u>temporarily</u> unable to reside in said homestead due to court action, she has not lost her homestead right thereto pursuant to Florida law and the Florida Constitution. [*See DEAN v. HEIMBACH*, 409 So.2d 157 (Fla.App. 1 Dist. 1982) and *IN RE BROWN*, 165 B.R. 512 (M.D.Fla. 1994).

51. Sale of the residence at foreclosure would cut off the Petitioner from her homestead, which injury could not be adequately remedied by money damages.

52. In contrast, any harm to Respondent POTTER would be the loss of the right to foreclose on the note, which loss can easily be remedied through money damages.

53. Additionally, at foreclosure the Respondent is assured of either receiving the full amount of her judgment **or** the actual property that she has accepted as security for the note, and thus is fully protected.

54. In contrast, the Petitioner is not guaranteed anything for her interest in her homestead and the courts have found that property selling for 40% of market value at foreclosure does not create a reason to set aside the sale [*See BASKURT v. BEAL*, 101 P.3d 1041 (Alaska 2004) at fn. 12, 13, 14, 15, and 16, to include its citation to *SHIPP CORP., INC. v. CHARPILLOZ*, 414 So.2d 1122 (Fla. App. 2 Dist. 1982)], which means that if the sale is allowed to proceed the potential injury to the Petitioner greatly exceeds any potential injury to Respondent POTTER.

55. Even if granting of the temporary restraining order would delay Respondent Potter's sale, Respondent Potter would continue to earn interest on the loan well above the national average, and thus any damages to her would be minimal.

56. The Petitioner does not seek to estop the Respondents' right to foreclose and sell Gary K. Parker's interest in the marital residence at public auction and the sale of his rights can proceed for the benefit of Respondent POTTER.

57. The Petitioner has never waived her right to rescind under the statute and thus her rescission on September 29, 2005, was effective.

58. The rescission provisions of the Federal Truth In Lending Act preempt all

state law, to include statutory, common and tort law, in the area controlled by the Federal Truth in Lending Act.

59. This Court did not find in its Order of February 3, 2006, that the Petitioner had ever waived her right to recision as a matter of law.

60. In the absence of such a waiver, and based on the above argument concerning relative injury to the parties and the proofs presented in the form of affidavits and evidence, this Court must grant a Temporary Restraining Order until a full hearing is held on the Plaintiff's right to rescind.

61. The undersigned has provided a copy of this Amended Petition to Christopher Morrison, Esq., counsel for Respondent Potter pursuant to his agreement to accept same on the part of his client, and thus this Respondent has notice.

62. The undersigned has mailed a copy of this Petition to the Clerk of the Court for the Sixth Judicial Circuit so the undersigned must inform this Court that the Clerk of the Court for the Sixth Circuit does not have notice.

63. The undersigned has mailed a copy of this Petition to a process server for service on the registered agent for Money Consultants, Inc., so the undersigned must inform this Court that Money Consultants, Inc. does not have notice.

64. The foreclosure sale is scheduled to be conducted at the Pinellas County Courthouse on February 6, 2006 at 9:00 a.m., and thus time is of the essence.

WHEREFORE, the Petitioner would Petition this Court to grant a Temporary Restraining Order, with or without a hearing, restraining Respondent Clerk from selling the interest of the Petitioner in the above identified property and restraining Respondent Potter from attempting to foreclose on the Petitioner's interesting the property until such time as

the Court has allowed a full hearing, after discovery, on this matter, and to grant such other relief as is just and proper.

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

I, YOLANDA PARKER, have read
the foregoing and it is true and correct
to the best of my knowledge and belief.

S/ YOLANDA PARKER
YOLANDA PARKER

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

    PERSONALLY APPEARED before me YOLANDA PARKER, to me well known, who after begin duly sworn, deposed and said that the foregoing was true and correct to the best of her knowledge and belief and who did take an oath.

S/ ANNIE BEST
NOTARY PUBLIC

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was mailed and sent by facsimile to CHRISTOPHER MORRISON, Esq., counsel for Respondent POTTER, for whom he agreed to accept service.

S/JEFFREY A. BLAU, Esq.
JEFFREY A. BLAU, Esq.
213 E. Davis Blvd.
Tampa, FL. 33606
(813) 254-6906
(813) 254-6891 Facsimile
Fla. Bar NO: 256897

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YOLANDA PARKER,
    Petitioner,

vs.                                         CASE NO: 8:06-cv-183-T-26EAJ

NANCY POTTER, individually, and the
CLERK OF THE COURT FOR THE
SIXTH JUDICIAL CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA, in its
official capacity, and MONEY CONSULTANTS,
INC., a Florida Corporation.

    Respondent.
_____/

## AFFIDAVIT IN SUPPORT OF
## AMENDED PETITION FOR TEMPORARY RETRAINING ORDER

COMES NOW the Petitioner, YOLANDA PARKER, and after being duly sworn, deposes and says I am the Petitioner in the above-styled action and have personally knowledge of the following:

1.    I am over the age of eighteen and able to make this affidavit.

2.    On or about August 18, 2003, I was told by Gary K. Parker that I had to sign certain documents for a mortgage and promissory note that he had given on the marital residence.

3.    I was told to proceed to the offices of Money Consultants, Inc. in Sarasota, Florida.

4.    At the offices of Money Consultants, Inc. I was presented documents to sign by an employee of Money Consultants, Inc.

5.    As a result of other court appearances I know that the individual that

presented the documents and supervised my signing was not Nancy Potter.

6. I have no recollection of receiving any document titled "Three Day Notice" at the time I signed these documents.

7. I received only one piece of paper at the time of the signing of the documents, and this paper only related to my obligation on the promissory note.

8. In reviewing my copies of the documents that I signed I have not found any document that contains a three day notice of right to rescind as either a separate document or as a part of a document.

9. I rescinded my agreement to the documents on or about September 29, 2005.

10. Up until the time that I rescinded my agreement I had never been presented with any documents setting out my right to rescind my agreement within three days of receipt of the notice.

11. I never reviewed any of the documents that were given to my husband GARY K. PARKER, at the time he signed the original loan documents except for those documents attached to various filings.

12. The property that is the subject of this action has not been sold.

13. I have obtained temporary quarters until such time as I am able to return to my homestead at 281 Bayside Dr., Clearwater, FL.

14. I fully intend to return to this residence upon action by the circuit court.

15. This residence, in addition to being marital property, is my homestead under Florida law.

16. There has not been a return hearing as of this time on the temporary

domestic violence injunction, but a hearing is scheduled for February 7, 2006 before the Hon. Judge Jirotka on these issues in a case management conference.

    FURTHER YOUR AFFIANT SAYETH NAUGHT.

DATED: February 3, 2006.

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

    I, YOLANDA PARKER, have read the foregoing and it is true and correct to the best of my knowledge and belief.

                                                      S/ YOLANDA PARKER  
                                                      YOLANDA PARKER

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

    PERSONALLY APPEARED before me YOLANDA PARKER, to me well known, who after begin duly sworn, deposed and said that the foregoing was true and correct to the best of her knowledge and belief and who did take an oath.

                                                      S/ ANNIE BEST  
                                                      NOTARY PUBLIC

ORIGINAL FILED WITH COURT

# LAW OFFICES OF
# J E F F R E Y A. B L A U, P.A.
## 213 EAST DAVIS BLVD.
## TAMPA, FLORIDA 33606

JEFFREY A. BLAU, ESQUIRE  TEL. (813) 254-6906
ATTORNEY AT LAW  FAX. (813) 254-6891

September 29, 2005

Christopher C. Morrison, Esq.  VIA FACSIMILE AND U. S. MAIL
132 First St.
Sarasota, FL. 34236

    Re: Potter v. Parker

Dear Mr. Morrison:

    Pursuant to 15 U.S.C. § 1601 et. seq., as amended by the Home Owners Equity Protection Act, 15 U.S.C. §§ 1602(aa) and 1639, and implementing Federal Reserve Board Regulation Z, 12 C.F.R. § 226 (2003); [see also Florida Fair Lending Act, §§ 494.0078—494.00797, Fla. Stat. (2003)] notice is hereby given that Yolanda Parker rescinds her obligation pursuant to that certain mortgage document signed by her in favor of Money Management or its assigns, to wit: Nancy Potter. [See *Johnson v. Thomas*, 794 N.E. 2d 919 (Ill App. 2003) and rescinds any obligation pursuant to any forbearance agreement and requires that the present holder, Nancy Potter, provide a release to Yolanda Parker for any security interest Ms. Potter may hold in Ms. Parker's homestead property.

                                Cordially,

                                S/ JEFFREY A. BLAU, Esq.

                                JEFFREY A. BLAU, Esq.