UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YOLANDA PARKER,

    Plaintiff,

v.                                                               CASE NO: 8:06-cv-183-T-26EAJ

NANCY POTTER, et al.,

    Defendants.
_____/

**O R D E R**

Before the Court are Defendant Nancy Potter's Motion to Dismiss Second Amended Complaint (Dkt. 28), Plaintiff's Response (Dkt. 37), Defendants Dooley & Drake, P.A. and Money Consultants, Inc.'s Motion to Dismiss Second Amended Complaint (Dkt. 30), and Plaintiff's Response. (Dkt. 35). After careful consideration of the allegations of the Second Amended Petition and Complaint (Dkt. 25) and the applicable law, the Court concludes that Plaintiff has failed to allege a claim for relief against Defendant Nancy Potter and therefore all other state law claims against all Defendants will be dismissed without prejudice to Plaintiff refiling in state court.

**General Allegations of the Second Amended Complaint**

Plaintiff Yolanda Parker seeks rescission of her interest in the transaction in which, unbeknownst to her, her husband, Gary K. Parker, borrowed $875,000.00 secured by their

marital home. Gary K. Parker used $750,000.00 to pay off the balance of the original mortgage on the marital home and kept the remaining funds of $135,000.00 for his personal use. Plaintiff alleges that the transaction is a consumer credit transaction protected by Chapter 41 of Title 15 of the United States Code known as the Truth-in-Lending Act (TILA). Plaintiff seeks rescission pursuant to 15 U.S.C. § 1635 et seq. of the TILA. The transaction, as alleged, occurred in the following manner.

In May 2003, Gary K. Parker contracted with Money Consultants, Inc. (Money) for a promissory note and mortgage in the amount of $875,000.00. The money obtained was used to pay off the existing mortgage on his home, not for the purchase of a new residence. On May 20, 2003, Money sold the mortgage to Nancy Potter (Potter). Defendant Dooley & Drake, P.A. (Dooley) is the law firm who handled all the documents for the transaction, received and held Potter's $875,000.00 for the purchase of the mortgage, and closed the loan to Gary K. Parker. Both Money and Dooley are alleged to be mortgage brokers in the transaction, and Potter, a creditor. After Gary K. Parker defaulted on the note in August 2003, it was discovered that Plaintiff was his wife and had not signed the mortgage. It was Dooley that contacted Plaintiff to come in and sign the mortgage, which Plaintiff did.

Plaintiff complains that she was never given notice of the three-day right of rescission under the TILA, either when she signed the mortgage on August 19, 2003, or at any time thereafter. Seven days after Plaintiff signed the mortgage "POTTER, through

DOOLEY," declared both Gary K. Parker and Plaintiff in default. Foreclosure proceedings ensued on January 20, 2004.

One year later in January 2005, the state court granted final summary judgment of foreclosure to Potter and against Gary K. Parker and Plaintiff. On September 29, 2005, Plaintiff through her attorney gave notice of rescission pursuant to the TILA. She alleges that the TILA provides three years from the date of signing the mortgage to rescind if notice was not properly given.[1] She sought to rescind her obligation "pursuant to that certain mortgage document signed by her in favor of Money or its assigns, to wit: Nancy Potter."

## Allegations of Creditor

Plaintiff alleges that Potter is a "creditor" subject to the disclosure requirements of the TILA. The Second Amended Complaint alleges that Potter paid to Dooley the sum of $875,000.00 for deposit into their trust account and that this money was used by Money and/or Dooley as mortgage brokers to finance the loan to Gary K. Parker. Because Potter "availed herself of the use of MONEY and DOOLEY," Plaintiff alleges that Potter became a "creditor."

---

[1] Plaintiff is correct that section 1635(f) provides that the life of the underlying right of rescission does not expire until three years after "the date of consummation of the transaction or upon the sale of the property, whichever occurs first" provided the disclosures have not been delivered in accordance with the TILA. See Beach v. Ocwen Fed. Bank, 523 U.S. 410, 417-18, 118 S.Ct. 1408, 1412-13 (1998).

**The Documents**

Plaintiff failed to attach either the promissory note or mortgage to the Second Amended Complaint. Potter, however, attaches them to her motion to dismiss and this Court will consider them.[2] On the face of the Mortgage Note dated May 20, 2003, the $875,000.00 is payable to Money. A First Mortgage was later "re-recorded to add the name of Yolanda Parker" and the duly recorded instrument reflects that Plaintiff signed the First Mortgage on August 19, 2003. The First Mortgage reflects the secured indebtedness in the amount of $875,000.00, naming the mortgagors as Gary K. Parker and Plaintiff, and the mortgagee as Money. Neither the Mortgage Note nor the First Mortgage contain any language about any present or future assignments, and neither mentions Potter or Dooley in any form or fashion.

The property securing the mortgage was sold at foreclosure sale, over Plaintiff's objection, in February 2006. Dooley, as counsel for Potter, at the hearing in state court on the objections to stay of foreclosure, successfully argued that Plaintiff waived her ability to rescind by not raising the issue prior to the entry of summary judgment of foreclosure in January 2005, a year earlier. Plaintiff brought this action in federal court, presumably pursuant to federal question jurisdiction based on the TILA. (Dkt. 1). Only the first

---

[2] See Horsley v. Feldt, 304 F.3d 1125, 1134-35 (11th Cir. 2002) (holding that "incorporation by reference" doctrine applies when defendant attaches document to motion to dismiss which is "(1) central to the plaintiff's claim; and (2) undisputed[,]" meaning its authenticity is unchallenged, and court may consider document without converting motion to dismiss to motion for summary judgment).

count of the Second Amended Complaint seeks relief pursuant to a federal statute (TILA), and that count seeks relief against Potter only. The remaining counts of the Second Amended Complaint all seek recovery against all three Defendants for violations under state law.

## Potter as Creditor

Potter asserts that the Second Amended Complaint fails to properly allege she is a "creditor" as that term is defined under § 1602(f) of the TILA, and therefore the TILA claim must be dismissed. Section 1602(f) defines "creditor" as follows:

> The term "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or service, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness . . .

15 U.S.C. § 1602(f). Under the first test, a creditor must regularly extend credit,[3] and under the second test, the debt must show on its face that it is payable to the creditor.

---

[3] Plaintiff has failed to allege that Potter regularly extends credit under either the above-quoted language or that part of section (f) referring to creditors originating high cost mortgages under subsection (aa):
> Any person who originates 2 or more mortgages referred to in subsection (aa) of this section in any 12-month period or any person who originates 1 or more such mortgages through a mortgage broker shall be considered to be a creditor for purposes of this subchapter.

15 U.S.C. § 1602(f).

The Second Amended Complaint is devoid of any allegations regarding the regular extension of credit on the part of Potter. Plaintiff argues that the mere fact that she has alleged that Potter is a creditor is sufficient. Potter cites Flynn v. People's Mortgage, Inc., No. 98 C 3760, 1998 WL 831907 (N.D. Ill. Nov. 20, 1998), for the proposition that properly pleading a creditor is involved in the consumer transaction is a jurisdictional requirement. While this case is not binding in the Eleventh Circuit, it does substantiate the necessity of pleading sufficient facts to satisfy the rudimentary requirement that only a "creditor" as that is defined by the TILA may be liable for violations under that statute.

Addressing the second prong, the First Mortgage and the Mortgage Note show on their faces that the debt is payable to Money. No reference is made to Potter, nor is there any mention of assignment. Section 1641(a) of the TILA addresses liability of an assignee in pertinent part as follows:

> any civil action for a violation of this subchapter or proceeding . . . which may be brought against a creditor may be maintained against any assignee of such creditor *only if the violation for which such action or proceedings is brought is apparent on the face of the disclosure statement*, except where the assignment was involuntary . . . [A] violation apparent on the face of the disclosure statement includes but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by this subchapter.

(Emphasis added). It is clear from this language that Congress did not impose any duty of inquiry on assignees to determine whether appropriate disclosures were made, other than those apparent on the face of the document. See 15 U.S.C. § 1641(a); Ellis v. General

Motors Acceptance Corp., 160 F.3d 703, 709 (11th Cir. 1998) (quoting Taylor v. Quality Hyundai, Inc., 150 F.3d 689, 694 (7th Cir. 1998)).[4]  The Eleventh Circuit has recognized this absence of duty in Ellis.

In Ellis, the Eleventh Circuit decided a case involving assignee liability in the context and posture of a motion to dismiss.  See Ellis, 160 F.3d at 708-10.  The Ellises financed a car through a retail installment contract which was simultaneously assigned to GMAC[5] at the time of execution.  GMAC successfully argued that as an assignee, it was not liable for the alleged TILA violation because the alleged violation was not apparent on the face of the disclosure statement.  The Eleventh Circuit agreed and emphasized that "Congress specifically decided that assignee creditors will only be liable for TILA violations that are apparent on the face of the disclosure statement" and other assigned documents.  Ellis, 160 F.3d at 709.  The Ellis court affirmed the dismissal of the complaint.[6]

In viewing the Second Amended Complaint and assuming all the allegations are true, the Court finds that Potter has not been properly alleged to be a "creditor" under the

---

[4] See also Green v. Levis Motors, Inc., 179 F.3d 286, 294 (5th Cir. 1999) (agreeing with Ellis and Taylor).

[5] GMAC stands for General Motors Acceptance Corporation.

[6] The Court notes that assignees may be liable for disclosure violations under the Home Ownership Equity Protection Act (HOEPA) as an amendment of the TILA.  See 15 U.S.C. § 1641(e).  Plaintiff, however, has not made any allegations to trigger the application of the HOEPA.

TILA, and as such, no claim for relief can be asserted. Accordingly, the sole count for violations of the TILA against Potter will be dismissed with prejudice.[7]

## State Law Claims

Federal law permits, and even encourages, district courts to refrain from ruling on purely matters of state law under supplemental jurisdiction. See 28 U.S.C. § 1367(c)(3); Baggett v. First Nat'l Bank, 117 F.3d 1342, 1353 (11th Cir. 1997) (holding that dismissal of state law claims is strongly encouraged where the federal claims are dismissed prior to trial). Where the Court declines to exercise supplemental jurisdiction over such claims, the claims should be dismissed without prejudice so they can be refiled in the appropriate state court. See Crosby v Paulk, 187 F.3d 1339, 1352 (11th Cir. 1999). Resolving that Plaintiff will suffer no harm by this Court's declining to exercise its supplemental jurisdiction, and in the interest of judicial economy and convenience, the Court declines to exercise supplemental jurisdiction over the remaining state law claims in this action.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Defendant Nancy Potter's Motion to Dismiss Second Amended Complaint (Dkt. 28) is **GRANTED** in part with respect to Count I; all other aspects of the Motion are denied as moot. Count I of the Second Amended Complaint

---

[7] Because the Court has already afforded Plaintiff one opportunity to amend, and because in the Court's view any further amendment as to this count would be futile, dismissal with prejudice and without further leave to amend is appropriate. See, e.g., Bryant v. Dupree, 252 F. 3d 1161, 1163 (11th Cir. 2001).

            is **DISMISSED** with prejudice.  The Clerk is directed to enter judgment in favor of Potter as to this count.

(2)     Defendants Dooley & Drake, P.A. and Money Consultants, Inc.'s Motion to Dismiss Second Amended Complaint (Dkt. 30) is **DENIED** as moot.

(3)     All remaining state law claims against all Defendants are hereby dismissed without prejudice to refiling in state court.

(4)     The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, on May 24, 2006.


                       s/*Richard A. Lazzara*
                       **RICHARD A. LAZZARA**
                       **UNITED STATES DISTRICT JUDGE**


**COPIES FURNISHED TO**:
Counsel of Record