**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

YOLANDA PARKER,

      Plaintiff,

v.                                   CASE NO: 8:06-cv-183-T-26EAJ

NANCY POTTER, and
DOOLEY & DRAKE, P.A.,

      Defendants.

_____/

**<u>O R D E R</u>**

Before the Court is Defendant Nancy Potter's Motion to Dismiss Third Amended
Complaint (Dkt.65) and Defendant Dooley & Drake, P.A.'s Motion to Dismiss Third
Amended Complaint.  (Dkt. 66).  After careful consideration of the motions, applicable
law, and the allegations of the Third Amended Complaint (Dkt. 64), the Court concludes
the motions should be denied without the necessity of responses.

**Nancy Potter's Motion to Dismiss**

First, Defendant Nancy Potter (Potter) seeks dismissal on the ground that this
federal district court lacks subject matter jurisdiction based on the <u>Rooker-Feldman</u>
doctrine.[1]  The <u>Rooker-Feldman</u> doctrine "extends not only to constitutional claims
presented or adjudicated by a state court, but also to claims that are 'inextricably

_____

[1]   <u>See</u> <u>Goodman ex rel. Goodman v. Sipos</u>, 259 F.3d 1327 (11th Cir. 2001); <u>Dale v.
Moore</u>, 121 F.3d 624 (11th Cir. 1997).

intertwined' with a state court judgment." <u>Goodman ex rel. Goodman v. Sipos</u>, 259 F.3d 1327, 1332 (11th Cir. 2001). Potter asserts that the state court's foreclosure judgment is inextricably intertwined with the allegations in this lawsuit concerning the Truth-in-Lending Act (TILA) violations with respect to Parker's right of rescission.

The Court finds that whether the <u>Rooker-Feldman</u> doctrine acts to bar this Court's jurisdiction is better left for resolution after the facts are developed through discovery. Likewise, the resolution of the remaining arguments directed toward Parker's entitlement to rescind, rescission in general, and fraud, would also be benefitted by evidence adduced over the course of the case. It is difficult at this early stage of the proceedings to guess about what the facts will show, and arguments based on factual determinations must not be resolved before the summary judgment stage or some time later when all the relevant facts have been elicited.

### Dooley & Drake, P.A.'s Motion to Dismiss

Defendant Dooley & Drake, P.A. (Dooley) asserts that the claims against Dooley are all state law claims, requiring this Court to exercise its supplemental jurisdiction. Dooley urges this Court to refrain from exercising its supplemental jurisdiction because the facts necessary to prove the rescission claim brought by Parker against Potter involve notice issues rather than the failure to warn Parker that the mortgage was in default, as is the case in the state law claims against Dooley. Dooley asserts the only connection between the rescission claim against Potter and the state claims is the allegation that there was a relationship between Potter and Dooley. Having reviewed the allegations of the Third Amended Complaint in light of this argument, the Court concludes that the nexus

between the federal and state claims is sufficient and therefore will retain supplemental jurisdiction over the state law claims.[2]

With respect to the arguments directed to the sufficiency of the allegations of the state law claims, the Court finds that the issues raised would be better resolved at a later stage of the proceedings after some factual development has occurred.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Defendant Nancy Potter's Motion to Dismiss Third Amended Complaint (Dkt.65) is **DENIED.**

(2) Defendant Dooley & Drake, P.A.'s Motion to Dismiss Third Amended Complaint (Dkt. 66) is **DENIED.**

(3) Defendants shall file their answers to the Third Amended Complaint on or before August 23, 2007.

(4) The parties shall file a case management report within 30 days of this order.

**DONE AND ORDERED** at Tampa, Florida, on August 9, 2007.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

---

[2] This is not a situation in which the federal claims have been dismissed, in which case this Court would generally decline to exercise supplemental jurisdiction. See Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004) (holding that decision to exercise supplemental jurisdiction over pendant state law claims lies within discretion of district court and urging dismissal of state claims when federal claims have been dismissed prior to trial).

**COPIES FURNISHED TO**:
Counsel of Record