UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YOLANDA PARKER,

    Plaintiff,

v.                                    Case No.: 8:06-cv-183-T-26EAJ

NANCY POTTER,

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNT I AND MEMORANDUM OF LAW

Plaintiff, YOLANDA PARKER ("Parker"), by and through her undersigned counsel and pursuant to *Federal Rule of Civil Procedure 56(b)*, moves for the entry of summary final judgment in YOLANDA PARKER's favor as to Count I for rescission in the above case on the ground that there is no genuine issue of material fact and that YOLANDA PARKER is entitled to judgment as a matter of law, and states in support thereof as follows:

### Introduction

Parker filed suit against Nancy Potter ("Potter") for rescission under the Truth in Lending Act, 15 U.SC. Chapter 41 (hereinafter "TILA"). Plaintiff has a right to rescission under 15 USC §1635 and has appropriately exercised such right against assignee, the Defendant Nancy Potter, pursuant to 15 USC §1641(c). To be a "consumer credit transaction" under TILA, the transaction must be primarily for personal, family or household purposes. *15 USC §1602; 12 C.F.R. 226.2(12)*. In determining whether the transaction is a "consumer credit

transaction," it is the use of the proceeds of the loan that determines the primary purpose of the loan and if the loan was used in part for business and in part for personal use, the use of the greater portion determines whether the loan falls within the purview of the TILA. *Bokros v. Associates Financial, Inc.*, *607 F.Supp. 869 (N.D. Ill. 1984); Maddox v. St. Joe Papermakers Federal Credit Union, 572 So.2d 961, 963 (Fla. 1st DCA 1990).* The loan at issue is covered by TILA and qualifies as a "consumer credit transaction," since the money obtained in exchange for the note and mortgage was primarily used to pay off an existing mortgage, as admitted by Dooley & Drake, P.A. in the Response to Request for Admissions #10. (See: *Composite Exhibit A, Plaintiff's Request for Admissions and Dooley & Drake P.A.'s Response to Request for Admissions; See Exhibit B, Settlement Statement).*

Money Consultants, Inc., the original creditor, acquired a security interest in Yolanda Parker's principal dwelling, subjecting Parker's ownership interest in the property to Potter's security interest upon assignment; Parker is therefore a consumer as defined by Regulation Z. Pursuant to Regulation Z, each consumer whose ownership interest is subjected to the security interest has the right to rescind the transaction. *See 12 C.F.R. §226.2(11).*

As a consumer, it was mandatory that Plaintiff receive two copies of the notice of the right to rescind and it be disclosed to her that a security interest in her principal dwelling was being created. *12 C.F.R. 226.23(b) and 12 C.F.R. 226.17(d).* Instead of receiving the required TILA notices and disclosures, Yolanda Parker was told that her signing of the mortgage would "not affect any

legal rights the parties may have." (*See the Memorandum from Dooley to the Parkers attached hereto as Exhibit C*) TILA further requires that Parker be provided with a method for exercising her right to rescind with a form for that purpose, with an explanation of the effects of a rescission, and with the date the rescission expires. *12 C.F.R. 226.23(b) and 12 C.F.R. 226.17(d)*. Plaintiff received nothing when she signed the mortgage, not even a copy of what she signed. (*See Yolanda Parker's Deposition, p. 20-21; p. 66-67.*) It is undisputed that Plaintiff did not receive TILA disclosures or notice of the right of rescission. (See *Composite Exhibit A, Dooley & Drake, P.A. Response to Request for Admissions #11, #12; Deposition of William A. Dooley p. 14*). When Plaintiff did not receive the required TILA information, the time within which she could exercise her right of rescission was extended three years from the date of consummation of the transaction on August 19, 2003. Plaintiff rescinded the transaction on September 29, 2005 when her previous counsel, Attorney Jeffrey Blau, sent notice to Potter's counsel, Dooley & Drake, P.A. (*Plaintiff's September 29, 2005 Letter is attached hereto as Exhibit D.*) Plaintiff is entitled to rescission as a matter of law.

Yolanda Parker respectfully requests this Court review the Third Amended Complaint, Potter's Answer and Affirmative Defenses, Dooley & Drake, P.A.'s Answer and Affirmative Defenses, all documents attached hereto as exhibits, the deposition transcripts of the parties that have been filed with the Court, and the Statement of Undisputed Facts filed in conjunction with this Motion, when considering this Motion for Summary Judgment.

## Standard of Review

Motions for summary judgment are governed by *Rule 56 of the Federal Rules of Civil Procedure*. Pursuant to *Rule 56*, summary judgment should be granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed.R.Civ.P. 56(c)*. For purposes of Rule 56, a fact is material if it might affect the outcome of the case. See <u>Anderson v. Liberty Lobby, Inc.</u>, *477 U.S. 242, 248 (1986)*. The moving party must demonstrate that no genuine issue of fact exists. <u>Celotex Corp. v. Catrett</u>, *477 U.S. 317, 323 (1986)*. Summary judgment is appropriate only when there are no disputed issues of "fact," and only "legal" issues remain to be decided. <u>Eby v. Reb Realty, Inc.</u>, *495 F.2d 646, 648 (9th Cir. 1974)*. The court's role in deciding a motion for summary judgment is not to weigh the evidence, but rather to determine whether the evidence presented points to a disagreement that must be decided at trial, or whether the undisputed facts are so one-sided that one party must prevail as a matter of law. See <u>Anderson v. Liberty Lobby, Inc.</u>, *477 U.S. 242, 247-252 (1986)*. In making this determination, the court must consider all of the evidence presented, drawing all reasonable inferences therefrom in the light most favorable to the nonmoving party, and against the movant. See <u>United States v. Premises Known as 717 South Woodward Street</u>, *2 F.3d 529, 533 (3rd Cir 1993)*; *J.F. Feeser, Inc. v. Serv-A-Portion, Inc. 909 F.2d 1524, 1531 (3rd Cir.*

1990), cert. denied, 499 U.S. 921 (1991); Gould, Inc. v. A& M Battery and Tire Service, 950 F.Supp. 653, 656 (M.D. Pa. 1997).

There are no material facts at issue. The only question for legal determination is whether Yolanda Parker is entitled to rescission under 12 C.F.R. §226.23.

**I.   Nancy Potter is Liable as an Assignee for Rescission**

The TILA provides a consumer with the right to rescind a consumer credit transaction in which a security interest is retained on the consumer's home. Fairbanks Capital Corp. v. Jenkins, 225 F.Supp.2d 910, 913 (N.D. Ill., 2002). The purpose of according a right of rescission under 15 USC §1635 is not only to compel disclosure, but to discourage unscrupulous sales tactics by giving homeowners a means to unburden themselves of security interests exacted by such tactics. Eby v. Reb Realty, Inc., 495 F.2d 646, 651 (9th Cir. 1974). To effectuate this purpose, Congress enlarged the rescission remedy to apply against assignees by enacting 15 USC §1641(c). Cooper v. First Government Mortgage and Investors Corp., 238 F.Supp.2d 50, 63 (USDC DC 2002). Assignees are liable for rescission even if a disclosure violation is not "apparent on the face" pursuant to 15 USC §1641(c). Rowland v. Novus Fin. Corp., 949 F.Supp. 1447, 1458 (D. Haw. 1996). A consumer's right to rescind a transaction under the TILA is unaffected by an assignment. Fairbanks Capital Corp., 225 F.Supp.2d at 913. Consumers are not limited to seeking rescission from creditors. TILA clearly states that if a consumer is eligible for rescission under §1635, she may seek rescission of the transaction as against the creditor or **"as against *any* assignee of the obligation."** *15 USC § 1641(c) (emphasis*

*added).* The right of rescission is unequivocal and notice of such is effective against any assignee upon consumer's timely exercise of such right. Bokros v. Associates Finance, Inc., 607 F.Supp. 869 (N.D. Ill. 1984).

## II.     Nancy Potter is an Assignee

The owner and legal holder of the note, mortgage, and indebtedness pursuant to an assignment is an assignee for purposes of the TILA. *Fairbanks Capital Corp., 225 F.Supp.2d at 914.* Defendant Nancy Potter is clearly an assignee as evidenced by her being lawful owner of the note and mortgage and taking such ownership through assignment by Money Consultants, Inc. Money Consultants, Inc. was clearly the creditor as it was to whom the obligation was initially payable on the face of the note. *(The Promissory Note is attached hereto as Exhibit E.)* The creditor, Money Consultants, assigned the note and mortgage to Nancy Potter on May 20, 2003 and filed the Assignment of Mortgage with the Pinellas County Clerk of Court. *(The Assignment of Mortgage is attached hereto as Exhibit F.)*

## III.    Parker's Notice of Rescission to Nancy Potter was Timely

If the disclosure and rescission forms are not delivered to the consumer, then the right to rescind extends for three years after the transaction's consummation. *15 U.S.C. § 1635(f); 12 C.F.R. §226.23(a)(3).* Two copies of the notice of the right to rescind must be delivered to each consumer and notice is not considered delivered unless it contains several specific statements outlined in Regulation Z. *12 C.F.R. §226.23(b)(1) and (b)(1)(v).* Courts have imposed a standard of strict liability under the TILA where any of its provisions have been

6

violated. *In re Rodriques*, 278 B.R. 683, 687 (Bkrtcy D.R.I. 2002); See also *Griggs v. Provident Consumer Discount Co.*, 680 F.2d 927, 930 (3d Cir. 1982); *Thomka v. A.Z. Chevrolet*, 629 F.2d 246, 248 (3d Cir. 1980) (TILA enforces its mandates by 'a system of strict liability in favor of consumers who have secured financing when [the] standard[s] [are] not met.').

In this case, the rescission period would not expire until August 19, 2006, long after Nancy Potter was notified of Yolanda Parker's intent to rescind the transaction by the September 29, 2005 letter. The consumer's only obligation is to exercise the right to rescind by giving notice within the prescribed time limit. *Rachbach v. Cogswell*, 547 F.2d 502, 505 (10th Cir. 1976) citing *Palmer v. Wilson*, 502 F.2d 860, 861-862 (9th Cir. 1974). Courts have held that notice to a TILA defendant's attorney of the consumer's intention to rescind is sufficient to satisfy the notice requirement and is a proper method by which to rescind the transaction. *Arnold v. WDL Investments, Inc.*, 703 F.2d 848, 850 (5th Cir. 1983). Even arguing innuendo that the notice on September 29, 2005 was insufficient (an argument clearly contrary to case law), the courts have held that the filing of the complaint itself, in a rescission action, can constitute notice for the purpose of the TILA, and that no prior request for rescission is necessary. *McIntosh v. Irwin Union Bank and Trust, Co.*, 215 F.R.D. 26, 32 (USDC Mass. 2003); See, e.g., *Taylor v. Domestic Remodeling, Inc.*, 97 F.3d 96, 100 (5th Cir. 1996); *Eveland v. Star Bank, N.A.*, 976 F.Supp. 721, 726 (S.D. Ohio 1997); *Elliott v. ITT Corp.*, 764 F.Supp. 102, 106 (N.D. Ill. 1991); *In re Rodriques*, 278 B.R. 683, 689 (Bankr. D.R.I. 2002). There is no requirement in §1635 that