Plaintiff provide pre-complaint notice to Respondent. Id. The 5th Circuit has also held that the filing of a complaint within the three-year period constitutes timely notice. *Taylor, supra.*

### IV.   Parker is a "Consumer" for Purposes of TILA

The TILA provides protection for "consumer" credit transactions. "Consumer" is defined for rescission purposes to include a natural person in whose principal dwelling a security interest is or will be retained or acquired, if that person's ownership interest in the dwelling is or will be subject to the security interest. *Regulation Z, 12 C.F.R. §226.2(11).*

Even where the express language of a statute appears unambiguous, where a literal interpretation would thwart the purpose of the overall statutory scheme, would lead to an absurd result, or would otherwise produce a result demonstrably at odds with the intention of the drafters, a court must look beyond that plain language. Amonette v. IndyMac Bank, F.S.B., 515 F.Supp.2d 1176, 1180 (D.Hawai'I, 2007) citing *Royal Foods Co., Inc. v. RJR Holdings, Inc., 252 F.3d 1102, 1108 (9th Cir. 2001) (quoting In re Magic Rests, Inc., 205 F.3d 108, 116 (3rd Cir. 2000).* In ascertaining the "plain language," the Court must construe the provisions of the entire law and examine the statutory scheme as a whole, including its purpose and policy, to ascertain the intent of Congress. Id. at 1181, citing *United States v. Hockings, 129 F.3d 1069, 1071 (9th Cir. 1997); DeGeorge v. United States Dist. Court for Cent. Dist. Of California, 219 F.3d 930, 936 (9th Cir. 2000); United States v. Daas, 198 F.3d 1167, 1174 (9th Cir. 1999).*

8

TILA does not specifically define "ownership interest" nor explicitly specify whether Yolanda Parker's interest in her principal residence and marital home satisfied the level of ownership required by the statute. The Court must examine the specific context in which that language, "ownership interest" is used, and the broader context as a whole. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997).

Here "ownership interest" is used to expand the rescission protection of TILA to include those persons whose interest in their principal dwelling will be subjected to a security interest as a result of a credit transaction. Surely Congress did not intend for "ownership interest" to be limited to those whose names appear on a title document. Such would be an arbitrary and capricious line to draw for protection, as it would expose non-titled spouses not only to the predatory practices of lenders, but would leave them at the complete mercy of their titled spouse. Yolanda Parker's ownership interest is real and sufficient to satisfy the TILA.

### V. Parker is Entitled to Rights as a Consumer Under TILA

Under the TILA and Regulation Z both spouses giving a mortgage on their home are each entitled to receive two copies of the Notice and one copy of the Disclosure. *In re Jones*, 298 B.R. 451, 455 (Bkrtcy. D.Kan., 2003). A borrower's wife, who joins with the borrower in executing a mortgage in the lenders favor, is a "consumer" under the TILA and has a right to rescind the home mortgage loan transaction and should be notified of her rescission rights. *In re Aqpar*, 291 B.R. 665, 670 (Bkrtcy E.D.Pa. 2003). Any person granting a mortgage on

their home is a consumer and has the right to rescind such mortgage. Id. Where both the consumer and his wife grant the lender a mortgage on their home, both the consumer and his wife have the right to rescind the transaction under the TILA and Regulation Z, even though only the consumer is liable on the debt secured by the mortgage. In re Jones, 298 B.R. at 458. Regulation Z requires that each mortgagor, the consumer and spouse, be provided with separate copies of the TILA disclosures. Id. The goal of TILA is to make sure that each mortgagor has personally received all the information necessary to decide whether to rescind. Id. at 460.

Just as in Jones, only Parker's husband was liable on the non-purchase-money loan, however both Parker and her husband were liable on the security interest on their principal dwelling. Id. Again, as in Jones, only Parker's husband received the necessary TILA disclosures and notice of right to rescind despite the fact that Parker was also entitled to TILA protections as mortgagor of her interest in the property. Id. at 455-457. Yolanda Parker, as mortgagor of her interest in her home, had the right to rescind the mortgage she granted in her home to Nancy Potter; a right which she has been denied.

Congress enacted the TILA to regulate the terms of consumer credit transactions in order "to aid unsophisticated consumers and to prevent creditors from misleading consumers as to the actual cost of financing." Id. at 457 citing Morris v. Lomas & Nettleton Co., 798 F.Supp. 1198, 1203 (D.Kan. 1989); Mourning v. Family Publ'ns Serv., Inc., 411 US 356, 363-369 (1973). Consequently, Yolanda Parker was entitled to her own copies of the Notice and

Disclosure and her own right to rescind separate and apart from anything provided to her husband, Gary Parker. Not only was Yolanda Parker denied all TILA disclosures and notices, but the only written document provided by Nancy Potter through her counsel, Dooley & Drake, P.A., was a memorandum from William A. Dooley to Gary and Yolanda Parker assuring them that adding Plaintiff's signature to the mortgage was "required by Florida law" and that "signing this mortgage does not affect any legal rights the parties may have except to validate this mortgage." *(See Exhibit C attached hereto).*

### VI. Parker's Marital Interest is Sufficient Ownership Interest

Florida law provides a basis for an interest in property based solely on marital status. If a spouse's non-marital property appreciates due to the efforts of either spouse during the marriage or the "contribution or expenditure thereon of marital funds or other forms of marital assets," the appreciation is marital property and should be accounted for in the equitable distribution scheme. §61.075(5)(a)(2), Fla. Stat. (2007). All enhancements in value and appreciation of a non-marital asset become a marital asset. *Martin v. Martin, 923 So.2d 1236, 1239 (Fla. 1st DCA 2006) citing Strickland v. Strickland, 670 So.2d 142, 143 (Fla. 1st DCA 1996).* The marital residence subject to the mortgage held by Nancy Potter was clearly marital property in which Yolanda Parker had an equitable ownership interest.

### VII. Parker's Homestead Interest is Sufficient Ownership Interest

Courts have held that the assignment of a homestead exemption is an assignment of a security interest requiring disclosure under Regulation Z, 12

11

CFR §226.8(b)(5). <u>Hamilton v. Southern Discount Co.</u>, 656 F.2d 150, 151 (5th Cir 1981). A lender has the duty to disclose a waiver of a homestead exemption pursuant to the TILA. <u>Id</u>. Obviously courts have interpreted a homestead interest as being a protectable interest under TILA, particularly when no security interest is attainable without the waiver of the homestead interest. In Florida, no valid or enforceable mortgage can be obtained without the signature of both spouses, titled or non-titled; a waiver of the homestead rights of the non-titled spouse is absolutely required. Although Plaintiff did not sign the note, and therefore was not liable for the debt, she clearly pledged her homestead interest in the subject property by granting Nancy Potter an enforceable and valid security interest in her home. <u>Sudhoff v. Federal National Mortgage Assoc.</u>, 942 So.2d 425, 427 (Fla. 5th DCA 2006).

There is no definition for the Florida homestead that can be used with precision. <u>Southern Walls, Inc. v. Stilwell Corp.</u>, 810 So.2d 566, 569 (Fla. 5th DCA 2002). As a matter of both policy and construction, Florida courts have consistently held that the homestead exemption should be liberally construed in favor of protecting the family home and those whom it was designed to protect. <u>Id.</u>

State and federal court characterizations of the waiver or assignment of homestead and exemption are not determinative of whether a creditor holds a security interest under Regulation Z's definition. <u>Elzea v. National Bank of Georgia</u>, 570 F.2d 1248, 1249-1250 (CA.Ga. 1978). It is the rights to which the creditor has and what rights need to be granted and by whom that are the

relevant inquiries. *Id. at 1250*. Regulation Z specifically recognizes the possibility that property may not be identifiable. *Id. citing 12 C.F.R. 226.8(b)(5)*. What is important is that the privilege given is valuable to the mortgagor and he or she has given up that valuable privilege. *Id.*

In Florida, any right to a security interest in a marital home are absolutely and irrevocably contingent on the consent of both spouses, regardless of the name in which the property is titled. Yolanda Parker's interest in the realty was of sufficient character so that her signature was needed to create any valid and enforceable security interest in the property, and it was of sufficient character to require her inclusion as a party in the foreclosure proceeding. Petitioner's ownership interest in the property securing the debt is certainly of sufficient character to entitle her to the protections afforded under the TILA. To hold otherwise, and deprive Petitioner of the protection provided by TILA, would produce grossly inequitable results never contemplated by Congress in enacting TILA, thereby defeating its purpose, as well as the purpose of Florida's homestead laws.

## CONCLUSION

WHEREFORE, YOLANDA PARKER respectfully requests this Court enter an Order granting Yolanda Parker's Motion for Summary Judgment on Count I of the Third Amended Complaint for Rescission and awarding such other relief as the Court deems just and proper, and reserving jurisdiction on attorney's fees and costs.

Respectfully submitted,

13

Dated: August 29, 2008

/s/ Henry A. Stein
HENRY A. STEIN, ESQUIRE
*Florida Bar No. 462330*
HONOR B. RODGERS, ESQUIRE
*Florida Bar No. 0030934*
**THE STEIN LAW GROUP, P.A.**
1607 Dr. M.L. King (9th) St. North, Suite. A
St. Petersburg, Florida 33704
(727)894-4333 / Fax: (727)894-0175
Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by electronic notification to CHRISTOPHER C. MORRISON, ESQ., Dooley & Drake, P.A. 1432 First Street, Sarasota, Florida 34236, and JULIA MCKILLOP, ESQ., and MICHAEL MORAN, ESQ., Law Offices of Michael Moran, 2197 Ringling Blvd., Sarasota, Florida 34237, on this 29th day of August, 2008.

/s/ Henry A. Stein
HENRY A. STEIN, ESQUIRE