**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

YOLANDA PARKER,

    Plaintiff,

v.                                                      CASE NO: 8:06-cv-183-T-26EAJ

NANCY POTTER, et al.,

    Defendants.
_____/

**O R D E R**

Before the Court is Plaintiff's motion for attorney's fees and costs in which she seeks as part of her recovery costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1640(a)(3) in light of her success in having this Court determine that she was entitled to exercise her right of rescission against Defendant in her capacity as an assignee.[1] Because there is no record evidence establishing that Defendant was responsible for and had notice of disclosure violations of the Truth in Lending Act (TILA) at the time of the assignment, the Court concludes that Defendant is not liable for Plaintiff's attorney's fees. See Brodo v. Bankers Trust Co., 847

---

[1] The Clerk has this day entered a bill of costs submitted by Plaintiff, less $483.33 for "other costs" consisting of a title search and a portion of the mediator's fees, which costs are not the type of taxable costs contemplated by 28 U.S.C. § 1920. See Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc., 249 F.3d 1293, 1296 (11th Cir. 2001) (stating that "[a]s the Supreme Court has explained, absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." and citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445, 107 S.Ct. 2494, 2499, 96 L.Ed. 2d 385 (1987)). Defendant may seek review of the Clerk's taxation of costs within the time fixed by Rule 54(d)(1) of the Federal Rules of Civil Procedure.

F.Supp. 353, 359 (E.D. Pa. 1994) (observing that "[a]pparently Congress did not wish to impose liability for damages and attorney's fees on an assignee who was not responsible for and who had no notice of TILA disclosure violations at the time of an assignment."); accord Briggs v. Provident Bank, 349 F.Supp.2d 1124,1131 (N.D. Ill. 2004) (quoting Brodo and collecting cases reaching same result as Brodo); but see Payton v. New Century Mortgage Corp., 2003 WL 22349118 (N.D. Ill. 2003); Fairbanks Capital Corp. v. Jenkins, 225 F.Supp.2d 910 (N.D. Ill. 2002).[2]

Accordingly, it is ordered and adjudged that Plaintiff's Motion for Attorney's Fees and Costs (Dkt. 133) is denied.

**DONE AND ORDERED** at Tampa, Florida, on October 22, 2008.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[2] Given this conclusion, the Court needs no response from Defendant.